
FILED
2009 Sep-14 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE K. LEE, by and through her husband and agent under her Durable Power of Attorney WILLIAM D. LEE, ) ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| vs. ) ) | 2:09-CV-01432-LSC |
| CAROL H. STECKEL, in her official capacity as Commissioner of Alabama Medicaid Agency, ) ) ) ) | |
| Defendant. ) | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration cross motions for summary judgment, which were filed on September 1, 2009, by the plaintiff, Diane K. Lee, through her husband William D. Lee (Doc. 24), and the defendant, Carol H. Steckel, in her official capacity as Commissioner of Alabama Medicaid Agency ("Alabama Medicaid") (Doc. 26). Plaintiff Diane Lee sued Alabama Medicaid for injunctive and declaratory relief. (Doc. 1.) Specifically,

Plaintiff wants this Court to declare that Alabama Administrative Code sections 560-X-25.16(9)(b)(5) and (7) are illegal, null, and void, and overturn Alabama Medicaid's June 4, 2009, decision denying Plaintiff's application for nursing home benefits.  (*Id.*)  The issues raised in the cross motions for summary judgment have been briefed as agreed upon by the parties (Doc. 17) and are ripe for review.

The Court also has for consideration Defendant's motion to dismiss Plaintiff's complaint, which was filed on August 7, 2009.  (Doc. 9.)  In the Order establishing a briefing schedule for summary judgment, the Court informed the parties that it would take up the issues raised in the motion to dismiss along with the motions for summary judgment.  (Doc. 17.)  Upon full consideration of the legal arguments and evidence presented by the parties with regard to all pending motions, Alabama Medicaid's motion for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.

II.  Facts.[1]

On March 29, 2009, Diane K. Lee ("Diane" or "Plaintiff") was admitted to Medical West hospital in Bessemer, Alabama. Prior to April 17, 2009, she was discharged directly to Plantation Nursing Home in McCalla, Alabama. On April 17, 2009, Diane's Application/Redetermination for Elderly and Disabled Programs was delivered to the Alabama Medicaid Agency's regional office in Birmingham, Alabama.

In response to a request from Alabama Medicaid's eligibility specialist, Diane's husband, William D. Lee ("David") submitted a Statement of Claimant or Other Person and supporting documentation on May 13, 2009, which estimated that the total countable assets owned by David and Diane totaled $102,970.34 on March 29, 2009, Diane's first continuous day of institutionalization. On May 29, 2009, Alabama Medicaid determined that David and Diane's total countable assets on March 29, 2009, were

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

$105,288.39. Based on that figure, Alabama Medicaid calculated that David's Community Spouse Resource Allowance ("CSRA") was $52,644.20.

On May 15, 2009, David loaned his daughter, Amy Cockrell, $50,000 in exchange for a non-negotiable promissory note. The promissory note provides that payments will be made to David in equal amounts over the term of the loan. David then submitted another Statement of Claimant or Other Person and supporting documentation to Alabama Medicaid, disclosing the loan and estimating his and Diane's total countable assets as $39,644.77.

On or around June 4, 2009, Diane received a letter from Alabama Medicaid denying her application for nursing home benefits because of excess resources. The letter cites Alabama Administrative Code Rules 560-X-25-.06 and 560-X-25.16.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d

1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Analysis.

In the Complaint, Plaintiff contends that Alabama Administrative Code Rules 560-X-25-.16(9)(b)(5) and (7) violate federal law. Specifically, Plaintiff maintains that these provisions violate 42 U.S.C. §§ 1396a(a)(C)(1)(i)(III), 1396a(r)(2), 1396r-5(b)(1), and 1396p(c)(1)(I), and that relief is available through 42 U.S.C. § 1983 ("§ 1983"). At the heart of Plaintiff's claims is the belief that her Medicaid application was denied because Defendant determined that David's purchase of a $50,000 non-negotiable promissory note from his daughter on May 15, 2009, constituted an improper "spend down" of the couple's resources.

Defendant argues that Plaintiff's claims are due to be dismissed because § 1983 does not provide a private right of action under these federal statutes. In partial support of its argument, Defendant cites the September 1, 2009, decision of the Tenth Circuit Court of Appeals in *Hobbs v. Zenderman*, 2009 WL 2750707 (10th Cir. 2009). It is, however, unnecessary for the Court to rule on this particular issue, because it is clear

from the evidence in the record that even if relief is available to the plaintiff under § 1983, Alabama Medicaid is entitled to summary judgment.

Plaintiff's Medicaid application was denied by Alabama Medicaid for excess resources. It is undisputed that Plaintiff possessed excess resources on April 17, 2009, the date of her application for nursing home benefits. In making a determination on eligibility for Medicaid benefits, the resources of an institutionalized spouse are calculated at the time of application for benefits. 42 U.S.C. § 1396r-5(c)(2); *see also, e.g.*, *A.K. v. Division of Med. Assistance & Health Servs.*, 794 A.2d 835 (N.J. App. Div. 2002) (distinguishing assessment of resources at time of institutionalization for purposes of determining CSRA with calculating resources at time of application for eligibility of Medicaid benefits).

In her response memorandum, Plaintiff cites Alabama's Medicaid manual for the proposition that an assessment can be reevaluated if a change of resources occurs. (Doc. 29 at 5.) That provision, however, applies only to the assessment of resources at the time of institutionalization for the purposes of determining CSRA; it specifies that "[o]nly the resources on hand at the point of continuous institutionalization

of the institutionalized spouse, and the value of those resources [assets] can be used in the reevaluation of the assessment." (Doc. 29 at 39-40.[2]) On the other hand, the Resource Assessment Notice, which outlines the calculation of the couple's countable resources on the date of institutionalization, as well as CSRA, informs Diane and David Lee that when the their total countable resources have been "spent down[,] . . . an application should be made at the local Medicaid District Office." (Doc. 28-3 at 29.)

Because it is undisputed Diane had excess resources at the time of her application for Medicaid nursing home benefits, and that application was subsequently denied for excess resources, Plaintiff has not shown that Defendant violated any federal law. Plaintiff's counsel has informed the Court that he filed a new application with Alabama Medicaid on September 4, 2009. If that application is denied and Plaintiff believes it is appropriate to file another federal action, she may do so.

---

[2]The pages of the Medicaid manual appear to have been mistakenly filed in reverse.

V.     Conclusion.

For the reasons set forth above, Defendant's motion for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.  A separate order will be entered.

Done this 14th day of September 2009.

                                   _____
                                        L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE
                                                   139297